# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINNACLE FITNESS AND RECREATION MANAGEMENT, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>THE JERRY AND VICKIE MOYES FAMILY TRUST,<br><br>　　　　　　　　　　Defendant. | CASE NO. 08-CV-1368 W POR<br><br>**ORDER:**<br><br>**1) GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT (DOC. NOS. 47, 48.)**<br><br>**2) DENYING PLAINTIFF'S EX PARTE MOTION TO FILE SUPPLEMENTAL BRIEFING (DOC. NO. 56.)** |

　　　　On June 7, 2010, this Court granted a joint motion to extend the deadline for amending pleadings and/or filing counter-claims until June 14, 2010. (Doc. No. 41.)

　　　　On June 14, 2010, Defendant The Jerry and Vickie Moyes Family Trust ("Moyes Trust") filed an amended Answer and a third-party complaint against Marsha Forsythe-Fournier. Because Moyes Trust had not requested leave of the Court to file a third-party complaint, pursuant to Rule 14(a)(1), the parties agreed to have the document stricken. (See Doc.Nos. 46, 49.)

On July 2, 2010, Moyes Trust filed a motion for leave to file its third-party complaint. Plaintiff Pinnacle Fitness and Recreation Management, LLC ("Pinnacle") has opposed the motion on the grounds that: (1) the motion does not meet the requirements of Federal Rule of Civil Procedure 14(a), (2) the proposed third-party complaint does not state viable claims against Ms. Fournier, and (3) because the filing was untimely.[1] The Court disagrees and will allow the filing.

Rule 14(a)(1) states that "a defending party may, as third-party plaintiff, serve summons and complaint on a non party who is or may be liable to it for all or part of the claim against it." Here, Moyes Trust has alleged multiple causes of actions which implicate that Ms. Fournier may be partially liable for the claims in Pinnacle's complaint. The substantive basis for the third-party complaint is that Ms. Fournier tortiously interfered with the contractual relationship between Pinnacle and the Moyes Trust. (Doc. No. 48, Ex. A.) Ms. Fournier's alleged actions could possibly impose some liability upon her for the breach of contract claim—and potentially a few of the other nine claims—that Pinnacle has asserted against the Moyes Trust. Therefore, without addressing the merits or ultimate viability of the third-party complaint, the Court finds that Defendant's motion meets the derivative liability requirements set out in Rule 14.

In regards to timeliness, the Court will exercise its broad discretion to allow the filing. See Standard Wire & Cable Co. v. AmeriTrust Corp., 697 F.Supp. 368, 376 (C.D. Cal. 1988.) (where the district court granted a motion to file a third-party complaint because the alleged wrongdoing of the putative third-party defendant arose from the same matters set forth in the complaint and because allowing the filing would help avoid

---

[1] This motion was scheduled to be taken under submission on Monday morning, August 2, 2010. On Friday afternoon, July 29, 2010, Plaintiff filed an *ex parte* motion seeking leave to file supplemental briefing in support of their opposition to Defendant's motion. Plaintiff did not, however, attach to its motion the required declaration to indicate that a 'meet and confer' had taken place between the parties. (*See Whelan Chambers Rules - Civil Procedure*) Despite this deficiency, the Court has reviewed the merits of the request and does not believe the requested *ex parte* relief is warranted. As such, Plaintiff's ex parte motion is **DENIED**. (Doc. No. 56.)

unnecessary expense and multiplicity of litigation.)  The case is still in its initial stages.  Responsive pleadings have been recently amended, motions to dismiss are still being filed, and discovery has just gotten underway.  Indeed, no depositions are currently scheduled. (Doc. No. 53 at 7.)

In sum, this case has not proceeded past the point where the judicial economy benefits of allowing the Moyes Trust to file its third-party complaint are outweighed by an undue delay or undue prejudice to the opposing party.

As such, the Court **GRANTS** Defendant's motion for leave to file a third-party complaint. (Doc. Nos. 47, 48.)  Defendant shall cause the third-party complaint to be filed **on or before August 6, 2010**.

**IT IS SO ORDERED.**

DATED:  August 3, 2010

_____
Hon. Thomas J. Whelan
United States District Judge