# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINNACLE FITNESS AND RECREATION MANAGEMENT LLC, a Delaware limited liability company,<br><br>Plaintiff,<br>vs.<br><br>THE JERRY AND VICKIE MOYES FAMILY TRUST, an Arizona trust<br><br>Defendant.<br><br>THE JERRY AND VICKIE MOYES TRUST, an Arizona trust on behalf of itself and derivatively on behalf of and for the benefit for MFC INVESTMENTS, LLC, a Nevada limited liability company,<br><br>Counterclaimant,<br><br>vs.<br><br>PINNACLE FITNESS AND RECREATION MANAGEMENT, LLC, a Delaware Limited liability company,<br><br>Counterdefendant. | CASE NO. 08-CV-1368 H (BGS)<br><br>**ORDER GRANTING THIRD-PARTY DEFENDANT MARSHA FORSYTHE-FOURNIER'S MOTION TO DISMISS** |

|   |   |
|---|---|
| 1 | THE JERRY AND VICKIE MOYES TRUST, an Arizona trust on behalf of itself and derivatively on behalf of and for the benefit for MFC INVESTMENTS, LLC, a Nevada limited liability company, |
| 2 | |
| 3 | |
| 4 | Third-Party Plaintiff, |
| 5 | vs. |
| 6 | MARSHA FORSYTHE-FOURNIER, an individual, |
| 7 | |
| 8 | Third-Party Defendant. |

On September 14, 2010, Third-Party Defendant Marsha Forsythe-Fournier ("Forsythe-Fournier") filed a motion to dismiss for lack of subject matter and personal jurisdiction. (Doc. No. 73.) On November 15, 2010, Plaintiff The Jerry and Vickie Moyes Trust ("the Trust") filed its response in opposition. (Doc. No. 85.) On December 6, 2010, Forsythe-Fournier filed her reply to the opposition. (Doc. No. 92.) On December 13, 2010, the Court held a hearing on the matter. Kellye Lynn Fabian appeared telephonically on behalf of Third-Party Defendant Forsythe-Fournier. Cindy C. Albracht-Crogan and Laura H. Kennedy appeared on behalf of the Trust. After due consideration, the Court GRANTS Forsythe-Fournier's motion to dismiss.

## **BACKGROUND**

This action centers around an agreement between the Trust and Pinnacle Fitness and Recreation Management, LLC ("Pinnacle Fitness") to jointly provide funding for and invest in a number of fitness facilities owned by Xeptor, LLC ("Xeptor"). On July 29, 2010, Pinnacle Fitness brought the original action against the Trust, alleging causes of action including breach of contract, fiduciary duty, and covenant of good faith and fair dealing. (Doc. No. 1.) On July 6, 2010, the Trust filed its answer to the original complaint and its counterclaims against Pinnacle Fitness. (Doc. No. 50.) On August 6, 2010, the Trust filed a third-party complaint against Marsha Forsythe-Fournier, alleging causes of action for breach of fiduciary duty and interference with contract and business advantage. (Doc. No. 61 ("Compl.").) Third-Party Defendant Marsha Forsythe-Fournier is the sole member of Pinnacle Fitness. (Compl. ¶ 2.)

Both Pinnacle Fitness and the Trust were approached to help assist Xeptor, which

owned and operated struggling fitness and gym facilities in Arizona. (Compl. ¶ 7.) The Trust and Pinnacle Fitness both agreed and jointly formed MFC Investments, LLC ("MFC") to provide funding and assistance to Xeptor. (Id. ¶ 21.) On August 6, 2007, Pinnacle Fitness and the Trust entered into the Operating Agreement of MFC Investments, LLC ("Operating Agreement"). (Id. ¶ 22.) The Operating Agreement stated that Pinnacle Fitness and the Trust each owned a 50% interest in MFC. (Id. ¶ 23.) The Trust alleges that the day-to-day management of MFC was vested in the Trust's representative. (Id. ¶ 7.) The Trust alleges that Forsythe-Fournier and Pinnacle Fitness through Forsythe-Fournier failed to make capital contributions as required under the agreement, micromanaged and destroyed relationships between MFC and its business affiliates, and acted in her self-interest and to the detriment of MFC. (Id. ¶¶ 7-8.)

The Operating Agreement included a forum selection clause, which stated that: "Any initiation of legal proceedings arising out of, related to, or in connection with the interpretation or enforceability of the Agreement or rights or remedies under the Act, shall be brought in a U.S. District Court located in San Diego, California." (Id. ¶ 5.) The Trust alleges this Court has jurisdiction over Forsythe-Fournier based on this clause of the Operating Agreement. (Id. at 6.)

## DISCUSSION

### I.  Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to 12(b)(2)

#### A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(2) provides that a court may dismiss a claim for lack of personal jurisdiction over the person. When a "defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). When a district court rules on a defendant's motion to dismiss based on only pleadings, the plaintiff only needs to make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Data Disc., Inc. v. Sys. Technology Assoc., Inc., 557 F.2d 1280, 1285 (9th Cir. 1997); Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). In other

1  words, the plaintiff only needs to demonstrate facts that, if true, would support jurisdiction
2  over the defendant. <u>Ballard</u>, 65 F.3d at 1498. However, the allegations must not be
3  conclusory, but must allege specific acts connecting the defendant with the forum. <u>Greenspun
4  v. Del E. Webb Corp.</u>, 634 F.2d 1204, 1208 n.5 (9th Cir. 1980).

**B. Personal Jurisdiction Pursuant to the Operating Agreement**

6  The Trust alleges in the third-party complaint that the Court can exercise personal
7  jurisdiction over Forsythe-Fournier based on the Operating Agreement. (Compl. ¶ 6.) In
8  particular, they allege that she "as an agent of Pinnacle, agreed to be bound by the forum
9  selection clause in the MFC Operating Agreement by negotiating the Operating Agreement on
10 behalf of Pinnacle, including the choice of venue clause." (<u>Id.</u>)

11 In <u>Manetti-Farrow, Inc. v. Gucci America, Inc.</u>, the Ninth Circuit rejected the argument
12 that only signatories to a contract can be bound by a forum selection clause. 858 F.2d at 514
13 n.5 (9th Cir. 1988). Instead, they recognized that "a range of transaction participants, parties
14 and non-parties, should benefit from and be subject to forum selection clauses." <u>Id.</u> In the
15 context of personal jurisdiction challenges, non-signatories could be bound by a forum
16 selection clause if the defendant "agree[d] to be so bound." <u>Holland Am. Line, Inc. v. Wartsila
17 N. Am., Inc.</u>, 485 F.3d 450, 458 (9th Cir. 2006) ("Under general contract principles, a forum
18 selection clause may give rise to waiver of objections to personal jurisdiction . . . provided that
19 the defendant agrees to be so bound."). To establish jurisdiction under an agency theory, it
20 must be shown that a party acted as an agent for the purpose of consenting to litigation in the
21 selected forum. <u>Id.</u>

22 The Trust argues that Forsythe-Fournier did agree to be bound because "she negotiated
23 the terms, she believed the forum selection clause was important, she believed the forum
24 selection clause was mandatory and she signed the MFC Operating Agreement on behalf of
25 Pinnacle." (Doc. No. 85 at 6.) The Trust cites a declaration she had previously submitted to
26 the Court for another motion to dismiss on November 10, 2008. (Doc. No. 15-1, Declaration
27 of Marsha Forsythe-Fournier.) Forsythe-Fournier argues her signature on the Operating
28 Agreement was solely on behalf of Pinnacle Fitness—Pinnacle may have agreed to be bound,

but she did not agree to be personally bound. (Doc. No. 92 at 3.) The Court agrees. Her November 10, 2008 declaration shows that she signed the contract, with the forum selection clause, only on behalf of Pinnacle Fitness.[1] (Doc. No. 15-1, Declaration of Marsha Forsythe-Fournier.) Accordingly, she is not a party to the Operating Agreement contract in her individual capacity and did not sign and consent to the forum selection clause as an individual.

The Trust has also failed to sufficiently allege jurisdiction under an agency theory. The Trust alleges that Forsythe-Fournier is an agent for Pinnacle Fitness. (Compl. ¶ 6.) However, in order to establish jurisdiction an agency theory, the allegation would have to be the reverse—that Pinnacle Fitness, as the signatory, was an agent for Forsythe-Fournier. See Holland, 485 F.3d at 458 (finding that, to have personal jurisdiction over Wartsila Finland or Wartsila, the court would need to find that Wartsila NA—the entity that actually consented to the forum selection clause—acted as an agent for them). The Trust has not alleged any facts that show that Pinnacle Fitness is an agent for Forsythe-Fournier and consented to jurisdiction on her behalf. The Court concludes that the Trust has not sufficiently alleged that Third-Party Defendant Forsythe-Fournier agreed to be bound by the forum selection clause. Accordingly, the Court cannot exercise personal jurisdiction over Forsythe-Fournier on that basis.

### C. Personal Jurisdiction Absent the Operating Agreement

A court may exercise personal jurisdiction over a non-resident defendant, that defendant must have at least "minimum contacts" with the relevant forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Schwarzenegger, 374 F.3d at 801 (citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Personal jurisdiction may be general or specific. Id. General jurisdiction exists if the

---

[1] The declaration in fact shows that an earlier draft of the Operating Agreement contemplated Marsha Forsythe-Fournier as a direct signatory to the agreement. (Doc. No. 15-1, Declaration of Marsha Forsythe-Fournier, Exh. C.) However, a later draft showed that the Operating Agreement actually became an agreement between the Trust and Pinnacle Fitness and Recreation Management, LLC. (Id., Exh. D.)

defendant engages in "continuous and systematic general business contacts" that "approximate physical presence" in the forum state. Id. (internal citations omitted). Forsythe-Fournier argues that general jurisdiction has not been established because she does not and has never lived in, worked in, owned real property in, or maintained bank accounts in the State of California. (Doc. No. 73-1 at 6.) Her only contact with the state is that she owns a 7% interest in a family business that operates in Illinois but owns an entity that owns a winery located in California. (Id. at 7.) She is not involved in the management or operations of the family business and has never visited California in connection with the winery. (Id.) She argues that none of this amounts to "continuous and systematic" contact with California. (Id. at 5-6.) The Court agrees. The Trust has not met its burden and alleged continuous, systematic, and substantial contacts between Forsythe-Fournier and California. Accordingly, the Court concludes it cannot exercise general jurisdiction over Forsythe-Fournier.

In order to establish specific jurisdiction, the plaintiff must meet the following test: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice. Schwarzenegger, 374 F.3d at 802. The only contact between Forsythe-Fournier and California that either party has put forth is the 7% interest in the family business. However, as Forsythe-Fournier does not have any involvement or management in the operation of the family business, this is insufficient to establish that she purposefully availed herself to the forum. Furthermore, the Trust has not shown that the allegations in the third party complaint "arises out of or relates to" the defendant's forum-related activities—her interest in the family business.

The Court concludes that it does not have personal jurisdiction over Third-Party Defendant Forsythe-Fournier based on the Operating Agreement and the Trust has not met its burden to show that the Court can exercise general or specific personal jurisdiction over her.

Accordingly, the Court GRANTS Forsythe-Fournier's motion to dismiss for lack of personal jurisdiction.

## II.  Motion to Dismiss Derivative Claims Asserted on MFC's Behalf for Lack of Subject Matter Jurisdiction Pursuant to 12(b)(1)

Third-party Defendant Marsha Forsythe-Fournier also argues that the Court does not have subject matter jurisdiction over the claims that the Trust asserts on behalf of MFC. (Doc. No. 73-1 at 3.) Forsythe-Fournier first argues that no original diversity jurisdiction exists because both herself and MFC are citizens of Illinois. (Id. at 4.) Furthermore, Forsythe-Fournier argues that supplemental jurisdiction is also barred here because MFC is being added as a plaintiff by the Trust and MFC is not a nominal party. (Id.) In particular, she argues that such supplemental jurisdiction is barred under 28 U.S.C. § 1367(b), which states in relevant part: "In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." (Id. at 4.) Forsythe-Fournier also points out that the Court previously dismissed similar causes of action the Trust brought on behalf of MFC against Pinnacle Fitness for the same reasons. (Id.; see Doc. No. 72, Order Granting Motion to Dismiss Claims Asserted Derivatively on Behalf of MFC Investments, LLC.) In this present motion, because the Court grants the motion to dismiss on personal jurisdiction grounds, the Court need not address this argument.

## III.  Timeliness

Lastly, Third-Party Defendant Marsha Forsythe-Fournier argues that the Trust's third-party complaint against her was untimely. (Doc. No. 73-1 at 10.) Forsythe-Fournier argues that the Court's scheduling order from March 30, 2010 designated the deadline to add new parties to be May 17, 2010 and this deadline was never extended. (See id., Doc. No. 34.)

Because the third-party complaint was filed after the deadline on August 6, 2010, Forsythe-Fournier argues that it is untimely. (Doc. No. 73-1 at 10.) The Trust argues that the complaint was timely because the Court already granted them leave to file the third-party complaint. (Doc. No. 85 at 8-9; <u>see</u> Doc. No. 58.) Because the Court grants the motion to dismiss on other grounds, the Court need not address this argument.

### **CONCLUSION**

After due consideration, the Court GRANTS Third-Party Defendant Marsha Forsythe-Fournier's motion to dismiss for lack of personal jurisdiction.

**IT IS SO ORDERED.**

DATED: December 13, 2010

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT