UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINNACLE FITNESS AND RECREATION MANAGEMENT, LLC, a Delaware limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>THE JERRY AND VICKIE MOYES FAMILY TRUST, an Arizona Trust,<br><br>        Defendants.<br><br>AND RELATED COUNTER CLAIMS. | Case No.: 08cv1368 AJB (BGS)<br><br>ORDER GRANTING MOTION TO AMEND AND DENYING DEFENDANTS MOTIONS FOR SUMMARY JUDGMENT AS MOOT AND WITHOUT PREJUDICE<br><br>[Doc. Nos. 107, 127, 128, 129, 130, 131, 132, 133, 134 and 142] |

Pinnacle Fitness and Recreation Management, LLC ("Pinnacle") filed this action on July 29, 2008 against the Jerry and Vickie Moyes Family Trust ("the Trust"), Deer Valley Capital, LLC, and Carefree Capital Investments, LLC alleging causes of action including breach of contract, fiduciary duty, and covenant of good faith and fair dealing and seeking (1) judicial declaration that Plaintiff and the Moyes Trust entered into a valid and enforceable Buy-Out Agreement whereby Moyes Trust agreed to purchase Plaintiff's entire 50% interest in MFC; (2) judicial enforcement of the Buy-Out Agreement; (3) immediate payment to Plaintiff of all consideration due under the Buy-Out Agreement; and, (4) compensatory and punitive damages. (Pl.'s Comp. ¶ 6.).[1] (Doc. No. 1.)

---

[1] On September 8, 2009, the Court issued an order dismissing Deer Valley Capital, LLC and Carefree Capital Investments, LLC for lack of personal jurisdiction. (Doc. No. 17.)

On March 10, 2011, Pinnacle filed motion for leave to file a First Amended Complaint ("FAC"), in which they seek to add a Ninth Cause of Action for fraud and a Tenth Cause of Action for constructive fraud. Defendants oppose the motion. The hearing date for this motion set for April 27, 2011 at 4:00 p.m. is hereby vacated as this matter is appropriate for submission on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons set forth below, the Plaintiffs' motion for leave to amend is hereby GRANTED.  In as much as the Court has GRANTED Plaintiff leave to amend, the Defendants' Motions for Partial Summary Judgment, [Doc. Nos. 127, 128, 129, 130, 131, 132, 133 and 134] are hereby DENIED AS MOOT and Plaintiff's Ex Parte Motion to Strike, [Doc. No. 142], is DENIED AS MOOT.

### *Background*

#### *1. Relevant Procedural Background*

The deadline to amend pleadings was June 14, 2010. [Doc. Nos. 40 and 41.] The fact discovery and expert discovery was to be completed on or before March 25, 2011. [Doc. No. 97.]  All motions, other than motions to amend or join parties, or motions in limine, must be filed on or before April 15, 2011 and were set for hearing on May 16, 2011. *Id.*  The final pretrial conference was vacated by Judge Huff prior to the case being transferred to Judge Battaglia. *Id.* A hearing on the parties' motions in limine is set for July 18, 2011 at 10:30 a.m. in courtroom 12. [Doc. No. 71.]  All motions in limine should be filed in accordance with Local Civil Rule 7.1(e).  *Id.*  The trial is set to begin on July 19, 2011 at 9:00 a.m. in Courtroom 12.

#### *2. Relevant Factual Background*

This action centers around an agreement between the Trust and Pinnacle Fitness and Recreation Management, LLC ("Pinnacle Fitness") to jointly provide funding for and invest in a number of fitness facilities owned by Xeptor, LLC ("Xeptor"). On July 29, 2010, Pinnacle Fitness brought the original action against the Trust, alleging causes of action including breach of contract, fiduciary duty, and covenant of good faith and fair dealing. (Doc. No. 1.) On July 6, 2010, the Trust filed its answer to the original complaint and its counterclaims against Pinnacle Fitness. (Doc. No. 50.) On August 6, 2010, the Trust filed a third-party complaint against Marsha Forsythe-Fournier, alleging causes of action for breach of fiduciary duty and interference with contract and business advantage. (Doc. No. 61

("Compl.").) Third-Party Defendant Marsha Forsythe-Fournier is the sole member of Pinnacle Fitness. (Compl. ¶ 2.)

Both Pinnacle Fitness and the Trust were approached to help assist Xeptor, which owned and operated struggling fitness and gym facilities in Arizona. (Compl. ¶ 7.) The Trust and Pinnacle Fitness both agreed and jointly formed MFC Investments, LLC ("MFC") to provide funding and assistance to Xeptor. (*Id*. ¶ 21.) On August 6, 2007, Pinnacle Fitness and the Trust entered into the Operating Agreement of MFC Investments, LLC ("Operating Agreement"). (*Id*. ¶ 22.) The Operating Agreement stated that Pinnacle Fitness and the Trust each owned a 50% interest in MFC. (*Id*. ¶ 23.)

Sometime after the Operating Agreement was executed, Plaintiff's relationship with Moyes Trust began to deteriorate. (Pl.'s Comp. ¶ 18–22.) Plaintiff alleges that in March 2008, Moyes Trust "made it clear to [Plaintiff] that it would no longer be [its] partner and that it desired to purchase [Plaintiff's] interest in MFC." (*Id*. ¶ 23.) Plaintiff claims it then engaged in negotiations and reached an agreement (the "Buy-Out Agreement") that Moyes Trust would purchase Plaintiff's 50% interest. (*Id*. ¶ 28.) After the alleged Buy-Out Agreement, Plaintiff claims that Moyes Trust and entities under its control, including Deer Valley and Carefree, seized control of MFC and its assets in a manner at odds with the fiduciary and contractual duties owed to Plaintiff under the Operating Agreement. (*Id*. ¶ 7.) Plaintiff also alleges that Moyes Trust unlawfully conspired with Deer Valley and Carefree to commit other unlawful
acts. (*Id*. ¶ 8.)

## *Legal Standard*

### 1. Leave to Amend Under Rule 15 of the Federal Rules

Under Federal Rule of Civil Procedure 15(a)(2), the court should freely give leave to amend when justice requires. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed.2d 222 (1962). This policy should " 'be applied with extreme liberality.' " *Owens v. Kaiser Foundation Health Plan, Inc*., 244 F.3d 708, 712 (9th Cir.2001), quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of


the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.' " *Foman*, 371 U.S. at 182. A court must be guided by the purpose of Rule 15, which is facilitating decisions on their merits. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981).

"[A] district court may deny leave to amend where there is any apparent or declared reason for doing so, including undue delay, undue prejudice to the opposing party or futility of the amendment." *Lockman Foundation v. Evangelical Alliance Mission*, 930 F.2d 764, 772 (9th Cir.1991), quoting *Foman*, 371 U.S. at 182 ( internal quotation marks omitted ). "Not all of the factors merit equal consideration," however, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003). Leave to amend is within the trial court's discretion. *Swanson v. U.S. Forest Service*, 87 F.3d 339, 343 (9th Cir.1996); *United States v. County of San Diego*, 53 F.3d 965, 969 n. 6 (9th Cir.); *cert. denied*, 516 U.S. 867, 116 S.Ct. 183, 133 L.Ed.2d 121 (1995).

"[C]ontrolling the pace and scope of discovery, being a matter of case management rather than of the application of hard and fast rules, is also within the district judge's discretion." *Cowen v. Bank United of Texas*, FSB, 70 F.3d 937, 944 (7th Cir.1995). When a motion to amend is made after the discovery period has closed, granting the amendment may require the court to re-open discovery. *Id.* In such cases, the nature of the requested amendment may rightly demand more or less judicial indulgence. *Id.* "A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir.1999) ( citation omitted ).

Rule 15 imposes no time limit for amendment of pleadings. In the Ninth Circuit, a district court may not deny a motion for leave to amend solely based on the moving party's delay. *Hurn v. Retirement Fund Trust*, 648 F.2d 1252, 1254 (9th Cir.1981). Denial requires a demonstration of "prejudice to the opposing party, bad faith by the moving party, or futility of amendment." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir.1999). Nonetheless, delay remains a relevant consideration to be weighed in the determination of whether to grant a motion to amend. *Loehr v. Ventura County Community College*

*District*, 743 F.2d 1310, 1320 (9th Cir.1984). "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. International Association of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir.), *cert. denied*, 479 U.S. 816, 479 U.S. 821 (1986). If the proposed amendment is insufficient in law and would be a futile act, it is proper to deny leave to amend. *Baker v. Pacific Far East Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal.1978). "A motion for leave to amend may be denied if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir.1988). Futility alone can justify denial of a motion for leave to amend. *Nunes v. Ashcroft*, 375 F.3d 810, 813 (9th Cir.2004), *cert. denied*, 543 U.S. 1188, 125 S.Ct. 1395, 161 L.Ed.2d 192 (2005). *See also Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir.1986) (opining that a motion to amend should not be granted when the amendment could be defeated on summary judgment).

### 2  Sufficiency of Pleadings Under Rules 8 and 9 of the Federal Rules of Civil Procedure

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to this action. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice."[2]

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 ( citations omitted ). A claimant must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 ( internal quotation marks and citations omitted ). To adequately state a claim, a party must set forth the legal and factual basis of its

---

[2] *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). *See also Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir.1985); *In re Worlds of Wonder Securities Litigation*, 694 F.Supp. 1427, 1433 (N.D.Cal.1988); *Hokama v. E.F.Hutton & Co., Inc.*, 566 F.Supp. 636, 645-46 (C.D.Cal.1983).

claim. A claimant must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.' " *Iqbal*, 129 S.Ct. at 1949, quoting *Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at 1949.

In addition, when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." F.R.Civ.P. 9(b). In the Ninth Circuit, the rule is interpreted to require the party to plead "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1400-01 (9th Cir.1986). "[M]ere recitation of the content of the alleged misrepresentations and the context in which they were made is [not] sufficient to satisfy Rule 9(b)." *Comwest, Inc. v. American Operator Services, Inc.*, 765 F.Supp. 1467, 1470-71 (C.D.Cal.1991). The pleading party must identify the allegedly fraudulent circumstances that sufficiently to allow the responding party to prepare an adequate answer. *Walling v. Beverly Enterprises*, 476 F.2d 393, 397 (9th Cir.1973). The allegations must set forth the time, date, and specific content or nature of the fraudulent representations or omissions. *Miscellaneous Service Workers, Drivers & Helpers, Teamsters Local # 427 v. Philco-Ford Corp., WDL Division*, 661 F.2d 776, 782 (9th Cir.1981).

### *Discussion*

The Plaintiff moves the Court for leave to: 1) amend the complaint to add a Ninth Cause of Action for Fraud and a Tenth Cause of Action for Constructive Fraud based upon information it contends was recently discovered; and 2) to conform the pleadings to remove former parties, Deer Valley Capital, LLC and Carefree Capital Investments, LLC, who were previously dismissed from the case. The Defendant opposes the motion to amend on the grounds that the amendment is untimely, prejudicial, would cause undue delay and is futile. The Defendant also argues that the Plaintiff has failed to plead fraud with the requisite particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

### *1. Whether the Amendment is Untimely*

The Defendants argue that Plaintiff's motion to amend is untimely because the deadline to amend pleadings set by this Court pursuant to Federal Rule of Civil Procedure 16(b) was June 14, 2010. [Doc. Nos. 40 and 41.] While the amendment is untimely in light of the schedule set by the Court in this

case, the Court finds: 1) that there is no bad faith or intentional delay on behalf of the Plaintiff; and 2) that the Plaintiff has demonstrated good cause pursuant to Rule 16(b)(4) to modify the schedule because the Plaintiff moved for leave to amend within two weeks of discovering the previously undisclosed information that forms the basis of the new claims. Furthermore, as set forth above, Rule 15 imposes no time limit for amendment of pleadings and the Ninth Circuit has held that a district court may not deny a motion for leave to amend solely based on the moving party's delay. *Hurn v. Retirement Fund Trust*, 648 F.2d 1252, 1254 (9th Cir.1981). Denial requires a demonstration of "prejudice to the opposing party, bad faith by the moving party, or futility of amendment." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir.1999).

### *2. Whether the Amendment is Prejudicial*

The Defendant claims that the amendment is prejudicial because discovery closed on March 25, 2011 and the deadline for filing dispositive motions in this case is April 15, 2011. The Defendant contends that it would be significantly prejudiced if it were not permitted discovery or provided an opportunity to move for summary judgment on the Plaintiff's new claims. Defendant also contends that being required to conduct the additional discovery on Plaintiff's new claims without the opportunity to file Rule 12 or other challenges to these claims is entirely prejudicial.

The Plaintiff argues that the amendment would not prejudice the Defendant because none of the underlying facts in the case have changed, the Defendant had not deposed any of the Plaintiff's witnesses and had two weeks left before the discovery cut-off as of the filing date of this motion. The Plaintiff further argues that the Defendant was aware as early as the Mr. Shumway's deposition on March 11, 2008, that the Plaintiff was seeking to discover the facts related to the two new fraud claims. *See* Opp. at p. 13, n.9. While the Defendant may suffer some inconvenience as a result of the Plaintiff's amended complaint, it is in part the Defendant's failure to timely disclose the information within the Defendant's custody and control that is the cause. As such, the Court does not find Plaintiff's proposed amendment to be unduly prejudicial.

### *3. Whether the Amendment Would Cause Undue Delay*

The Defendant argues that undue delay would undoubtedly result if the Court were to extend the discovery deadline to provide Defendant with an opportunity to conduct additional discovery. As set forth above, the underlying facts have not changed. While the two new causes of action would

K:\COMMON\BATTAGLI\DJ CASES\Even Numbers - Erin's Cases\Pinnacle Fitness\08cv1368.PinnacleFitness.Order.Grt.Mot.Amd.wpd    7    08cv1368

necessitate reopening discovery,[3] the Court does not believe the additional time needed to complete such discovery would be extensive. Furthermore, the recent transfer of this case from Judge Huff to Judge Battaglia necessitates adjustments to the current schedule and rescheduling of current dates on Judge Battaglia's calendar and some delay in the schedule is unavoidable in light of this.

### *4. Whether the Amendment is Futile*

The Defendant claims that Plaintiff's proposed amendment is futile because the Plaintiff will be unable to prove facts under the amended complaint that would entitle the Plaintiff to relief. The Defendants argue that the Plaintiff cannot demonstrate reliance, damages or the existence of a fiduciary relationship. The Court, however, finds these arguments unpersuasive. A motion for leave to amend may be denied if it appears to be futile or legally insufficient. A proposed amendment is only futile if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988); *see also, Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir.2008). It cannot be concluded at this juncture that the proposed amendment is futile as a matter of law.

### *5. Whether the Plaintiff has Pled Fraud with Requisite Particularity Required by Rule 9(b)*

The Ninth Circuit has interpreted Rule 9(b) to require that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). However, "[m]alice, intent, knowledge, and other conditions of mind . . . may be averred generally." Fed.R.Civ.P. 9(b). A pleading "is sufficient under Rule 9(b) if it identifies 'the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations.' " *Gottreich v. San Francisco Investment Corp.*, 552 F.2d 866, 866 (9th Cir.1977); *see Deutsch v. Flannery*, 823 F.2d 1361, 1365-66 (9th Cir.1987). The complaint must specify such facts as the times, dates, places, the specific content of the false

---

[3] *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010);*United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir.2001).

representations as well as the identities of the parties to the misrepresentation.[4] "[M]ere recitation of the content of the alleged misrepresentations and the context in which they were made is [not] sufficient to satisfy Rule 9(b)." *Comwest, Inc. v. American Operator Services, Inc.*, 765 F.Supp. 1467, 1470-71 (C.D.Cal.1991).

The Court has reviewed the Ninth and Tenth Causes of Action from the proposed FAC and finds that despite Defendant's arguments to the contrary, the Plaintiff's have plead these causes of action for fraud with the requisite particularity required by Rule 9(b). Rule 9(b)'s particularity requirement mandates only that the circumstances constituting fraud be identified to the extent that the defendants will find sufficient information in the allegations to be able to prepare an adequate answer. *Riley v. Brazeau*, 612 F.Supp. 674, 678 (D.Ore.1985); *Hokama v. E.F. Hutton & Co., Inc.*, 566 F.Supp. 636, 645 (C.D.Cal.1983). The purpose of the rule is to thwart charges of fraud from arising out of contractual relations that merely didn't work out like the parties had anticipated. *Arroyo v. Wheat*, 591 F.Supp. 136, 139 (D.Nev.1984). Rule 9(b) should not be used as a tool to require a plaintiff to repeatedly redraft the complaint where the defendants do, in fact, have notice of the alleged conduct. *In re Commonwealth Oil/Tesoro Petroleum Corp. Securities Litigation,* 467 F.Supp. 227, 251 (D.C. Tex. 1979). Justice is better served by reaching the merits. *Michael v. Clark Equipment Co.*, 380 F.2d 351, 352 (2nd Cir.1967).

Having independently examined the Rule 15 factors, the Court concludes that they weigh in favor of granting leave to amend because the proposed amendment does not change the nature of the case, it was not brought in bad faith and Defendant's failure to timely disclose the information within their custody and control is the predominant cause of the delay.

### *Conclusion*

For the reasons set forth above, the Plaintiff's motion to amend is hereby GRANTED. Plaintiffs shall file the FAC on or before April 25, 2011. In as much as the Court has GRANTED Plaintiff leave to amend, the Defendants' Motions for Partial Summary Judgment, [Doc. Nos. 127, 128, 129, 130, 131,

---

[4] *Semegen*, 780 F.2d at 731; *Gottreich*, 552 F.2d at 867; *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc*., 806 F.2d 1393, 1400-01 (9th Cir.1986); *Miscellaneous Service Workers, Drivers & Helpers, Teamsters Local # 427 v. Philco-Ford Corp., WDL Division*, 661 F.2d 776, 782 (9th Cir.1981).

1  132, 133 and 134] are hereby DENIED AS MOOT.  The Court notes that the Defendants failed to

2  timely file one of these motions and failed to seek leave of Court to exceed the 25 page limit in general.

3  Defendants are hereby warned that any further failure to comply with the rules of this Court will result

4  in filings being rejected or stricken and that sanctions may be imposed.

5        Based upon the foregoing, the Plaintiff's Ex Parte Motion to Strike, [Doc. No. 142], is hereby

6  DENIED AS MOOT.  The parties are ORDERED to jointly contact Judge Skomal's chambers ***on or***

7  ***before April 29, 2011*** to schedule a Case Management Conference to discuss the reopening of discovery

8  with regard to two new claims ***only*** and to reset remaining dates.  Given the number of dispositive

9  motions anticipated, the briefing will be set as follows: the motion filing cut-off will be 60 days before

10 the scheduled hearing date, responses will be due 40 days prior to the hearing date and replies will be

11 due 30 days before the hearing date.  The parties must contact the clerk prior to the motion filing cut-off

12 to obtain a hearing date.

13       IT IS SO ORDERED.

15 DATED:  April 21, 2011

                                            Hon. Anthony J. Battaglia
                                            U.S. District Judge