UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINNACLE FITNESS AND RECREATION MANAGEMENT, LLC, a Delaware limited liability company,<br><br>                Plaintiff,<br>v.<br><br>THE JERRY AND VICKIE MOYES FAMILY TRUST, an Arizona Trust,<br><br>                Defendants.<br><br>AND RELATED COUNTER CLAIMS. | Case No.: 08cv1368 AJB (BGS)<br><br>ORDER DENYING REQUEST FOR ORAL ARGUMENT ON RECONSIDERATION<br><br>[Doc. No. 199] |

      The Defendants, The Jerry and Vickie Moyes FamilyTrust, (hereinafter the "Trust" or "JVMFT") filed a motion, [Doc. No. 199], requesting oral argument that essentially seeks reconsideration of two issues: "(1) whether, as a matter of law, the parties could have possibly entered into an enforceable agreement for the Trust to "buy out" Pinnacle's membership interest in MFC; and (2) whether the Trust is entitled to pursue damages relating to substantial liabilities it incurred in operating the gyms after Pinnacle ultimately ceased participating in the business." Doc. No. 199, at 2-3. Plaintiff, Pinnacle Fitness and Recreation Management, (hereinafter "Pinnacle"), filed an opposition, [Doc. No. 202], and the Trust filed a reply, [Doc. No. 203]. The hearing on this motion set for March 2, 2012 at 1:30 p.m. is hereby VACATED as the Court finds this motion appropriate for submission on the papers without oral argument pursuant to Civil Local Rule 7.1.d.1. Based upon the parties moving

papers and for the reasons set forth below, the Trust's motion for oral argument on reconsideration is hereby DENIED.

### *Legal Standard*

A motion for reconsideration is "appropriate if the district court is provided with (1) newly discovered evidence; (2) clear error or manifest injustice, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). In addition, Local Civil Rule 7.1(i)(1) provides that a motion for reconsideration must include an affidavit or certified statement of a party or attorney "setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new and different facts and circumstances are claimed to exist which did not exist, or were not shown upon such prior application." Local Civ. R. 7.1(i)(1).

### *Discussion*

The Trust's request for oral argument seeks reconsideration of the following two issues decided by the Court in Ruling on the Trust's motion for summary judgment, [Doc. No. 169], and Pinnacle's motion for partial summary judgment, [Doc. No. 170]: (1) whether the alleged Buy-Out Agreement violated Nevada's Statute of Frauds; and (2) whether the Trust is entitled to Operational Damages sought in its counterclaims. Doc. No. 199, at 2-3.

### *I. Whether the Alleged Buyout Agreement Violates Nevada's Statute of Frauds*

The Trust argues that the Court should reconsider the purely legal issue of whether the alleged buyout agreement violates Nevada's Statute of Frauds. *See Georgiou Studio, Inc. v. Boulevard Invest., LLC*, 663 F. Supp. 2d 973, 980 (D. Nev. 2009) (sufficiency of a writing under the Nevada Statute of Frauds is a question of law); *Valdez v. Employers Ins. Co. of Nev.*, 123 Nev. 170, 174 (2007) (statutory interpretation is a question of law). Although the Court denied the Trust's Motion for Summary Judgment on Pinnacle's Buy-Out claims on the grounds that the Trust failed to demonstrate "the absence of a genuine dispute of material fact . . .," the Trust argues that the Court did not expressly resolve the issue of whether the statute of frauds applied to preclude enforcement of the Buy-Out

Agreement. In support of the instant request, the Trust cites several cases,[1] however, these cases do not support the reconsideration requested. In *Sierra Club, Hawaii Chapt.* the Court allowed reconsideration because it had mistakenly denied summary judgment on two of the plaintiffs' claims.[2] In *In re JDS Uniphase Corp. Securities Lit.*, the Court allowed Defendants to file a motion for reconsideration, because the Court had not ruled on particular issue. In the instant case, the Trust was required to prove its statute of frauds defense as a matter of law on a summary judgment motion and failed to do so. The Court denied the Trust's motion for summary judgment finding the Trust failed to demonstrate the absence of a genuine dispute of material fact with regard to Pinnacle's Buy-Out claims, because the documents and emails cited by the parties' supported conflicting positions.

Furthermore, the Trust does not base their argument on newly discovered evidence, clear error, or an intervening change in controlling law. *School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). The Trust has not presented any new arguments entitling them to reconsideration under the rules and is simply rehashing the same arguments they made in their motion for summary judgment. As such, the Trust's request for reconsideration is DENIED.

## II. The Trust's Request for Reconsideration of its Damages Counterclaims

### A. Relevant Background

Pinnacle moved for partial summary judgment on the Trust's counterclaim for damages categorized as Operation Damages.[3] Pinnacle argued that the Trust's response to Interrogatory No. 16, which asked the Trust to identify the funding entity for each capital contribution to the gyms, indicated

---

[1] *See In re JDS Uniphase Corp. Securities Lit.*, 2007 WL2900276, *2 (N.D. Cal. Sept. 27, 2007) (granting motion for reconsideration where the court did not specifically rule on a particular issue). *Cf. Sierra Club, Hawaii Chapt. v. City and County of Honolulu*, 486 F. Supp. 2d 1185, 1189 (D. Haw. 2007) ("Although Plaintiffs made similar arguments in their summary judgment motion," reconsideration proper as "Rule 60(b) may be used to reconsider legal issues" the court failed to previously address).

[2] *Sierra Club, Hawaii Chapt. v. City and County of Honolulu*, 486 F. Supp. 2d 1185, 1189 (D. Haw. 2007) ("Plaintiffs claim that this Court denied the third and fourth claims on a mistaken belief that it was compelled to do so since it denied their twelfth claim. Plaintiffs contend that their third and fourth claims are not dependant upon their twelfth claim.")

[3] *See* Doc. No. 170-4, Ex. L, at Appendix F.

that from July 2008 forward, Mr. Moyes, and not the Trust, funded gym operations.[4] [Doc. No. 170-1, p. 6-7.] In response to Pinnacle's motion, the Trust submitted the declaration of Elly Penrod, in which she stated that: (1) Mr. Moyes never personally funded MFC; (2) the source of the inconsistency in the Trust's interrogatory answer was a ministerial labeling in the Trust's QuickBooks accounting entries; and (3) the Trust used the same -8308 bank account to fund all gym operations. [Doc. No. 175, Ex. 5.] Pinnacle's reply argued that Ms. Penrod's declaration should be barred by the sham affidavit rule because it contradicted the Trust's prior interrogatory responses and was not supported by any credible or admissible evidence.

      The Court found that Pinnacle demonstrated the absence of a genuine issue of material fact that as to the funding source based upon the Trust own interrogatory answers, which shifted the burden of production to the Trust to demonstrate, by affidavit or admissible evidence,[5] that there is a genuine issue for trial. Upon review of the Trust's unsupported affidavit from Ms. Penrod, the Court found the explanation provided by Ms. Penrod[6] and the contradictory nature of the declaration unpersuasive in light of the Trust's failure to provide documentary support in thier opposition to the motion or to amend their prior response to Interrogatory No. 16.  The Court found the sham affidavit rule precluded the Trust from creating a genuine dispute of material fact by contradicting its prior interrogatory answers and granted Pinnacle's motion for summary judgment on the Trust's counterclaim for Operational Damages.[7]

---

[4] Specifically, the Trust's last payment relating to the gyms occurred on July 3, 2008. *See* Doc. No. 170-4, Ex. E, at 5-6.  Beginning on July 10, 2008, Mr. Moyes himself began funding CAC Holdings. *Id.*

[5] Fed. R. Civ. P. 56(e); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987); *John v. City of El Monte*, 515 F.3d 936, 941 (9th Cir. 2008).

[6] The Trust states that Ms. Penrod chose to delineate pre-Pinnacle involvement from post-Pinnacle involvement and in doing so, simply labeled the funding source in its QuickBooks as "Jerry C. Moyes" instead of "JVMFT." *See* Doc. No. 203, at 5, n. 5.

[7] *Schuyler v. United States*, 987 F. Supp. 835, 840 (S.D. Cal. 1997) ("[A] party opposing summary judgment cannot create a genuine issue of fact by contradicting or repudiating his own sworn deposition testimony"); *Martinez v. Marin Sanitary Serv.*, 349 F. Supp. 2d 1234, 1242 (N.D. Cal. 2004).

*B. The Trust's Request for Reconsideration*

The Trust argues that it has been unfairly deprived of significant relief by this Court's Order granting Pinnacle's motion for summary judgment, which held that the Trust could not, as a matter of law, recover millions of dollars in Operational Damages on its Counterclaim. The Trust argues that because Pinnacle raised the sham affidavit rule, for the first time in its Reply, the Trust has "suffered real prejudice" because it did not have a full and fair opportunity to respond to Pinnacle's argument. This argument misses the mark. The subject interrogatory was advanced by Pinnacle in their motion as the key evidence driving the disposition of the issue. The Trust had a full opportunity to present all the evidence they wanted in disputing Pinnacle's point. The Trust chose, instead, to submit the unsupported declaration of Ms. Penrod, rather than any of the documents it claims exists, and would have presumably existed at the time the Trust's opposition was filed.

The Trust states that subsequent to the filing of Pinnacle's Reply, it sought to promptly supplement the record with the very documents Pinnacle claimed did not exist, documents that would confirming that the amounts funded from July 2008 forward came from the same -8308 bank account as the amounts funded by the Trust. The Court notes, however, that the Trust has not to date actually produced any such documents or evidence. Even if the Trust were to do so at this late juncture, such production would be extremely untimely because the Trust hasn't provided any explanation as to why these documents could not have been provided in conjunction with their opposition and the filing of Ms. Penrod's declaration. The Court finds the Trust's argument without any citation that testimony need not be supported by a document to be "credible" or admissible unavailing in light of contradictory and unsupported nature of Ms. Penrod's declaration and the requirements of Rule 56.

The Court also finds the Trust's contention that it has supplemented its response to Interrogatory No. 16 equally unpersuasive. The Trust argues that "Rule 26(e)[8] expressly allows a party to supplement

---

[8] Federal Rule of Civil Procedure Rule 26(e) entitled Supplementing Disclosures and Responses, states:
 (1) In General. A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
  (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in

or correct an interrogatory response (or other disclosure) either (1) in writing or (2) by making the correction known to the opposing party during the discovery process." *See* Reply, Doc. No. 203, at 7, n. 9. *See* Fed. R. Civ. P. 26(e)(1)(A). The Trust contends that it has complied with Rule 26(e) by making Pinnacle "abundantly aware of its position, including through Ms. Penrod's declaration, in multiple letters and during discovery proceedings before Magistrate [Judge] Bernard Skomal." *Id.* However, none of this was not advanced in opposition to the motion itself, and as described, suggests something less than the type of amendment contemplated by the clear language of Rule 26(e). Further it's timeliness as an "amendment" or "supplement" under the Rule is suspect and certainly not "seasonably"[9] made in the face of Plaintiff's motion.

The Trust's final argument contends that the Trust "suffered real prejudice as a result of being denied oral argument," because the Trust was not afforded an opportunity to address the substance of Pinnacle's sham declaration arguments and summary judgment was granted on the Trust's counterclaim. *See* Doc. No. 203, at 8. The Ninth Circuit has held that "[a] district court's failure to grant an oral hearing on a motion for summary judgment does not constitute reversible error in the absence of prejudice." *Fernhoff v. Tahoe Reg'l Planning Agency*, 803 F.2d 979, 983 (9th Cir.1986); *see also Houston v. Bryan*, 725 F.2d 516, 518 (9th Cir.1984). "When a party has [had] an adequate opportunity to provide the trial court with evidence and a memorandum of law, there is no prejudice [in a refusal to grant oral argument] since any error can be rectified by an appeal of the summary judgment." *Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir.1991). In other words, a district court can decide the issue without oral argument if the parties have an opportunity to submit their papers to the court. That opportunity was given to the parties in this case and there is no evidence or explanation for why the Trust failed to provide these documents in response to Pinnacle's motion. Furthermore, nothing in the district court record suggests that Trust was prejudiced by the lack

---

      writing; or
      (B) as ordered by the court.

[9]The definition of what is "seasonable" is left to the "sound discretion of the court." *Phil Crowley Steel Corp. V. Macomber*, 601 F.2d 342 (8th Cir. 1979). *See also*, the 1993 Committee Note to Rule 26 (e) that "[S]upplementations . . . should be made at appropriate intervals."

of oral argument. The Trust's suggestion that they would have provided these documents for the first time at the hearing, without any justification for such delay, mistakes the purpose of oral argument.

### *Conclusion*

For the reasons set forth above, the Trust's motion for oral argument on reconsideration, and reconsideration itself, is hereby DENIED.

DATED: March 1, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge