UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINNACLE FITNESS AND RECREATION MANAGEMENT, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>THE JERRY AND VICKIE MOYES FAMILY TRUST, an Arizona trust,<br><br>    Defendant,<br><br>AND RELATED COUNTERCLAIMS. | Case No. 3:08-CV-1368-GPC-BGS<br><br>**ORDER DENYING IN PART AND GRANTING IN PART THE TRUST'S MOTION TO CORRECT AND AMEND THE AMENDED JUDGMENT**<br><br>**(ECF NO. 341)** |

**INTRODUCTION**

Before the Court is the Trust's Motion to Correct the Amended Judgment ("Motion"). (ECF No. 341.) Pinnacle has filed a response to the Motion, (ECF No. 342), and the Trust has filed a reply, (ECF No. 348). The Court finds the Motion suitable for disposition without oral agrument. *See* CivLR 7.1.d.1. For the reasons that follow, the Court hereby **DENIES IN PART AND GRANTS IN PART** the Trust's

Motion.

## BACKGROUND

After a ten-day trial, a jury returned verdicts in favor of Pinnacle on its claims for (1) Breach of Contract (Buy-Out), (2) Breach of Implied Covenant of Good Faith and Fair Dealing (Buy-Out), (3) Promissory Estoppel (Buy-Out), (4) Breach of Contract (Operating Agreement), (5) Breach of Implied Covenant of Good Faith and Fair Dealing (Operating Agreement), (6) Breach of Fiduciary Duty, (7) Fraud (by Intentional Misrepresentation and by Concealment), (8) Constructive Fraud, and (9) Civil Conspiracy to Defraud.

The jury awarded Pinnacle $1,632,495.72 in compensatory damages on its first, second, and/or third claims ("Buy-Out Claims").  The jury awarded Pinnacle zero damages on its fourth and/or fifth claims and $905,242.00 in compensatory damages on its sixth, seventh, eighth, and/or ninth claims ("Non-Buy-Out Claims").  The jury further awarded Pinnacle $1,100,000 in punitive damages based on a finding that the Trust acted with an "evil mind."

After considering the parties' proposed judgments, the Court entered judgment on March 21, 2013 ("Initial Judgment"). (ECF No. 312.)  Thereafter, Pinnacle filed a motion to correct the Initial Judgment, (ECF No. 313), which this Court granted in part and denied in part, (ECF No. 339). The Court issued its Amended Judgment on May 15, 2013.  (ECF No. 340.)

The Trust now moves to correct and amend the Amended Judgment in two respects.  First, the Trust contends the Amended Judgment should be corrected to reflect the fact that the Buy-Out Agreement found to exist by the jury "does not contain a precise interest rate that can be applied" to the installment payments owing under the Buy-Out Agreement.  Second, the Trust contends the accrual dates for prejudgment interest on the installment payments are incorrect.  The Trust thus asserts Pinnacle should not be allowed to execute or enforce the Amended Judgment until it is corrected.

# DISCUSSION

## I.     Legal Standards

Pursuant to Federal Rules of Civil Procedure, Rule 60(a) provides, "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

"On appropriate terms for the opposing party's security, the court may stay execution of a judgment–or any proceedings to enforce it–pending disposition of," among other motions, a motion under Rule 60. Fed. R. Civ. P. 62(b).

## II.    Analysis

### A.    Timeliness of Motion as it Relates to Interest Rate

While Pinnacle does not expressly raise the issue of timeliness, it does contend "The Trust previously agreed to use the LIBOR 1-year rate." (ECF No. 344 at 3 n.1.) In support, Pinnacle cites to the Trust's Objection to Pinnacle's Proposed Form of Judgment, (ECF No. 311), in which the Trust did not raise the issue of what interest rate would apply to the installment payments. (*Id.* at 3.) Pinnacle thus implies that the Trust has either waived the right to challenge the interest rate set forth in the Amended Judgment or that the Trust's request to amend the judgment is untimely. Finding no evidence that the Trust waived its right to challenge the interest rate set forth in the Amended Judgment, the Court will consider the timeliness of the Trust's instant request to amend the Amended Judgment.

While a clerical mistake may be corrected "whenever one is found," Fed. R. Civ. P. 60(a), a motion to alter or amend a judgment must be filed within twenty-eight days after the entry of the judgment," *Id.* 59(e). Further, "[a] court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." Fed. R. Civ. P. 6(b)(2).

Here, the Court finds the issue of when prejudgment interest shall begin to accrue on the installment payments may be characterized as a clerical issue. The correct accrual dates for prejudgment interest may be determined by quick reference to the emails comprising the Buy-Out Agreement, which provide that interest will begin to accrue six months after the Trust's closing with Xeptor—a date the evidence demonstrated to be July 1, 2008.

The issue of what interest rate applies to the installment payments, however, is of more substance. *See Winslow v. F.E.R.C.*, 587 F.3d 1133, 1135 (D.C. Cir. 2009) (observing that motion for prejudgment interest governed by Rule 59(e)) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989)). The Trust is not seeking a mere clerical correction. The Trust is seeking to amend the Amended Judgment to reflect that the parties did not agree to *any* interest rate applicable to the installment payments. On that basis, the Trust asserts judgment should be entered in its favor on the Buy-Out Claims as a matter of law because the rate of interest is a material term—without which, no contract was formed.[1] This is the first time the Trust is challenging the "LIBOR 1-year plus 2%" interest rate.

On March 21, 2013, after considered the parties' proposed judgments and corresponding objections, the Court entered its Initial Judgment. (ECF No. 312.) No where in its Objection to Pinnacle's Proposed Judgment did the Trust challenge the interest rate of "LIBOR 1-year plus 2%." (*See* ECF No. 311.)

By the time the Court entered its Initial Judgment, the Trust had already filed its Renewed Motion for Judgment as a Matter of Law ("Renewed Motion") on February 27, 2013. (ECF No. 309.) No where in its Renewed Motion did the Trust challenge the "LIBOR 1-year plus 2%" interest rate.

On May 8, 2013, the Court granted in part and denied in part the Trust's Renewed Motion and directed Pinnacle to submit a proposed amended judgment. (ECF

---

[1] The Trust's Motion may thus be more appropriately characterized as a motion for judgment as a matter of law pursuant to Rule 50.

No. 339.) Pinnacle submitted a proposed amended judgment and, after reviewing it, the Court entered its Amended Judgment without requiring input by the Trust. (ECF No. 340.) The next day, the Trust filed the instant Motion to Correct and Amend the Amended Judgment. (ECF No. 341.)

The question is thus whether the Trust's failure to raise this issue earlier bars the Trust from challenging the "LIBOR 1-year plus 2%" interest rate. If, as the Trust asserts, the interest rate issue is determinative of whether the Buy-Out Agreement was formed, it is unclear why the Trust would not raise the issue in its Renewed Motion, in its Objection to Pinnacle's Proposed Judgment, or–at a minimum–within twenty-eight days after the Initial Judgment was entered.

The challenged interest rate appeared in the Initial Judgment entered March 21, 2013. Yet the Trust did not challenge the interest rate until it filed the instant motion on May 16, 2013—fifty-six days after entry of the Initial Judgment. This is twice the time permitted to file a motion to alter or amend a judgment pursuant to Rule 59(e). Thus, the Trust's Motion is untimely to the extent it challenges the "LIBOR 1-year plus 2%" interest rate. Because Rule 6(b)(2) provides that "[a] court must not extend the time to act under [Rule 59(e)]" the Court cannot now consider whether the Judgment should be amended as the Trust would have this Court do. The Trust's Motion is therefore **DENIED** as it pertains to the "LIBOR 1-year plus 2%" interest rate.

**B.   Accrual Dates for Prejudgment Interest**

As discussed above, the Court finds the issue of when prejudgment interest will accrue on the installment payments under the Buy-Out Agreement to be a clerical issue. The Court will thus consider the Trust's request to correct the interest accrual dates.

The Amended Judgment provides that prejudgment interest shall be awarded in conformance with "the Trust's agreement to buy Pinnacle's membership interest in MFC, as set forth in Exhibit 3 to the First Amended Complaint." The Amended Judgment then sets forth the interest accrual dates on the four installments of $307,104.67, with interest beginning to accrue on the first installment on July 1,

2008–the date on which the Trust's conduct triggered payment of the first installment.

The Trust argues prejudgment interest should not begin to accrue on July 1, 2008, because the Buy-Out Agreement provides that prejudgment interest on the first installment will not accrue until six months *after* the Trust's closing with Xeptor.

Pinnacle does not dispute the Trust's argument, stating "[t]he Trust is correct that according to the terms of the Buy-Out Agreement, interest on the $1.2 million term was to begin to accrue six months after the Trust's purchase of Xeptor's assets."

The parties being in agreement, the Court will correct the Amended Judgment to reflect that interest on the first installment began to accrue on January 1, 2009; interest on the second installment began to accrue on July 1, 2009; interest on the third began to accrue on January 1, 2010; and interest on the fourth began to accrue on July 1, 2010.

## **CONCLUSION**

Based on a review of the parties' submissions, the record in this matter, and the applicable law, **IT IS HEREBY ORDERED** that the Trusts' Motion, (ECF No. 341), is **DENIED IN PART AND GRANTED IN PART**.[2]  The hearing on the Trust's Motion, currently set for June 28, 2013, is hereby **VACATED**.  The Second Amended Judgment will issue in due course.

DATED:  June 27, 2013

HON. GONZALO P. CURIEL
United States District Judge

---

[2] The Trust's request to stay execution of the Amended Judgment until it is corrected and/or amended pursuant to Rule 62 is therefore denied as moot.