UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINNACLE FITNESS AND RECREATION MANAGEMENT, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>THE JERRY AND VICKIE MOYES FAMILY TRUST, an Arizona trust,<br><br>Defendant,<br><br>AND RELATED COUNTERCLAIMS. | Case No. 3:08-CV-1368-GPC-BGS<br><br>**ORDER DENYING THE TRUST'S MOTION TO AMEND THE SECOND AMENDED JUDGMENT**<br><br>**(ECF NO. 357)** |

Before the Court is the Trust's Motion to Amend the Second Amended Judgment ("Motion"). (ECF No. 357.) Pinnacle opposes the Motion. (ECF No. 363.) The Trust has filed a reply. (ECF No. 367.) The Court finds the Motion suitable for disposition without oral argument. See CivLR 7.1.d.1.

After a ten-day trial, a jury returned verdicts entirely in favor of Pinnacle. After

considering the parties' proposed judgments, the Court entered judgment on March 21, 2013 ("Initial Judgment"). (ECF No. 312.) Thereafter, Pinnacle filed a motion to correct the Initial Judgment, (ECF No. 313), which the Court granted in part and denied in part, (ECF No. 339). The Court issued the Amended Judgment on May 15, 2013. (ECF No. 340.)

The Trust then filed a motion to correct and amend the Amended Judgment, (ECF No. 341), which the Court granted in part and denied in part, (ECF No. 349). The Court issued the Second Amended Judgment on July 17, 2013.

Thereafter, on July 19, 2013, the Trust filed a notice of appeal to the Ninth Circuit, requesting review of this Court's Order Denying in Part the Trust's Renewed Motion for Judgment as a Matter of Law, Order Denying in Part the Trust's Motion to Correct and Amend the Amended Judgment, and the resulting Second Amended Judgment Following Civil Jury Trial. (ECF No. 354.)

The Trust now moves to amend the Second Amended Judgment with respect to the prejudgment interest rate applicable to the damages the jury awarded Pinnacle on its tort claims. Paragraph 12 of the Second Amended Judgment provides:

> The Trust shall pay pre-judgment interest on the compensatory damages awarded on Counts VIII, IX, X, and XI ($905,242.00), pursuant to NRS §17.130, at a rate equal to the prime rate at the largest bank in Nevada as ascertained by the Commissioner of Financial Institutions on <u>July 1, 2008</u> plus 2 percent. Pre-judgment interest shall accrue from August 4, 2008, the date on which the Trust was served with the summons and complaint, through the date on which this judgment is entered. <u>The rate must be adjusted on each January 1 and July 1 from August 4, 2008 through the date on which the judgment is entered.</u>

(Emphasis added.)

The Trust argues that Nevada Revised Statutes § 17.130(2) requires prejudgment interest on Pinnacle's tort-related claims to accrue "at a rate equal to the prime rate at the largest bank in Nevada . . . on January 1 or July 1, as the case may be, <u>immediately preceding the date of judgment</u>, plus 2 percent." The Trust thus asserts that the July 1, 2008 date of Paragraph 12 should be changed to January 1, 2013—i.e., the date "immediately preceding the date of judgment"—to conform with the language of §

17.130(2). The Trust further asserts that the last sentence of Paragraph 12 regarding the semi-annual adjustment of the prejudgment interest rate should be stricken.

Pinnacle argues in opposition that, following the Trust's filing of its Notice of Appeal, this Court was divested of jurisdiction to entertain the Trust's Motion. Pinnacle argues that, even if the Court has jurisdiction, the Trust's Motion is an untimely Rule 59(e) motion (i.e., a motion to alter or amend a judgment) for a couple of reasons. First, Pinnacle argues the Trust is not requesting a mere clerical correction (as may generally be corrected whenever one is found under Rule 60(a)) because the Trust's request requires an interpretation and application of § 17.130. Second, Pinnacle argues the Trust's Motion is untimely because Rule 59(e) motions must be filed no later than 28 days after the entry of judgment, and because the Trust is seeking to amend a provision that has been in every version of the judgment since March 2013. Finally, Pinnacle argues that, even if the Trust's Motion is timely, the Trust misinterprets and misapplies § 17.130(2).

In reply, the Trust contends this Court has jurisdiction because, even though Rule 60(a) provides that, "after an appeal has been docketed in the appellate court . . ., a mistake may be corrected only with the appellate court's leave," the Ninth Circuit has held that a district court may decide a Rule 60(a) motion without seeking such leave if the district court is merely clarifying what it originally intended to do. (ECF No. 367 at 7 (citing Morris v. Morgan Stanley & Co., 942 F.2d 648, 654-55 (9th Cir. 1991)). The Trust asserts that, because it "merely requests that the Court clarify the Second Amended Judgment to conform with the plain and uncontroverted requirements of N.R.S. § 17.130(2), the Court has jurisdiction to decide the Motion under Rule 60(a)."[1] (ECF No. 367 at 7.) Lastly, the Trust argues that, if the Court decides it has

---

[1] The Trust argues that, alternatively, its Motion may be characterized as a Rule 60(b) motion, which provides grounds for relief from a final judgment in the case of mistake, inadvertence, surprise, or excusable neglect. The Court declines to consider the Trust's Rule 60(b) argument because it was raised for the first time in reply. See Leo v. Carey, 158 Fed. App'x 60, 61 (9th Cir. 2005). Even if the Court characterized the Trust's Motion as one made under Rule 60(b), this Court would not have jurisdiction to consider the Motion without a remand from the Ninth Circuit. See Davis v. Yageo

no jurisdiction to consider the Motion, the Court should defer consideration of the Motion under Rule 62.1.

"The filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed." Davis v. United States, 667 F.2d 822, 824 (9th Cir. 1982).

The Trust characterizes its motion as a request to correct a clerical mistake under Rule 60(a). Rule 60(a) provides that a court "may correct a clerical mistake . . . whenever one is found in a judgment," but that, "after an appeal has been docketed in the appellate court and while it is pending, . . . a [clerical] mistake may be corrected only with the appellate court's leave." The Ninth Circuit has clarified that, "when a district court attempts to correct a 'clerical error' . . . after a notice of appeal has been filed, and the correction does not represent a change of position, but rather simply clarifies the court's intended action, a remand to effectuate that intent is a matter of mere form." Morris, 942 F.2d at 654 (internal quotation marks omitted).

"Clerical mistakes" correctable under Rule 60(a) include "blunders in execution," whereas mistakes that cannot be corrected under Rule 60(a) "consist of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination." Blanton v. Anzalone, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987) (citing United States v. Griffin, 782 F.2d 1393, 1397 (7th Cir.1986)).

Here, the Trust is not asking this Court to correct a "blunder in execution." The Trust is asking the Court to correct Paragraph 12 of the Second Amended Judgment to conform with its interpretation of N.R.S. § 17.130(2). This would, as the parties' briefs demonstrate, require the Court to interpret the language of § 17.130(2) with the assistance of Nevada case law. Thus, the Trust is not, as it asserts, merely asking the Court to correct an interest calculation according to a preset formula; the Trust is asking the Court to change the formula. In other words, the Trust is asking the Court

---

Corp., 481 F.3d 661, 685 (9th Cir. 2007).

to correct a legal mistake that was never raised as an issue in any of the previous motions to amend, alter, or correct the Initial and Amended Judgments. The Court therefore concludes that Rule 60(a) does not apply. Other than the Court's ability to correct a clerical mistake, the Trust asserts no basis in its moving brief for overcoming the general rule that a district court loses jurisdiction over a judgment once a notice of appeal therefrom is filed. Accordingly, the Court concludes it does not have jurisdiction to consider the Trust's Motion.

The next question is whether the Court should, as Pinnacle asserts, strike the Motion or, as the Trust asserts, defer consideration of the Motion under Rule 62.1(a).

Rule 62.1(a) provides that, "[i]f a <u>timely</u> motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and pending, the court may . . . defer consideration of the motion." (Emphasis added.) To determine whether the Trust's Motion is timely, the Court must decide what type of motion it is. The Court finds the Trust's Motion is most appropriately considered a motion to alter or amend a judgment under Rule 59(e), which must be filed within 28 days after entry of the judgment. While less than 28 days elapsed between the Court's filing of the Second Amended Judgment and the Trust's filing of its Motion, the Trust is seeking to amend a provision in the Second Amended Judgment that has been in every prior version of the judgment since March of this year. Thus, the Court cannot say the Trust's Motion is timely. As such, it is not clear Rule 62.1(a) applies. Neither is it clear, however, that the appropriate conclusion is to strike the Motion, as Pinnacle provides no authority, and the Court has found no authority, to support such a result. Accordingly, the Trust's Motion is **DENIED** for lack of subject matter jurisdiction, and the hearing on the Trust's Motion, currently set for November 1, 2013, is **VACATED**.

**SO ORDERED.**

DATED: October 30, 2013

HON. GONZALO P. CURIEL
United States District Judge